IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Simmons, | : | |
| Petitioner | : | Civil Action 2:09-cv-01077 |
| v. | : | Judge Sargus |
| Michael Sheets, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |

**ORDER**

This matter is before the Court on petitioner Michael Simmons's November 4, 2013 motion for reconsideration of the Court's October 22, 2013 Order. (doc. 29).

On December 2, 2009, Simmons filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 16, 2013, the Court adopted the Magistrate Judge's February 23, 2013 Report and Recommendation recommending dismissal of the action.[1] On August 22, 2011, petitioner filed a notice of appeal, which was dismissed by the Sixth Circuit as untimely. On April 10, 2013, the Sixth Circuit issued a decision denying Simmons's motion for permission to file a second or successive habeas corpus petition.

---

[1]By inadvertence and mistake, the Court's October 22, 2013 Order stated that the Magistrate Judge recommended dismissal of the complaint rather than dismissal of the action.

1

Petitioner argues that his October 15, 2013 motion for relief from final judgment (doc. 27) qualifies for review under Rules 59 and 60(b) of the Federal Rules of Civil Procedure. He maintains that because his motion was made within a reasonable time and that the issues raised in his motion were not addressed appropriately, the Sixth Circuit's ruling that plaintiff was not authorized to file a second or successive petition has no bearing on his motion for relief from judgment. Petitioner argues that this Court correct the issues that transpired in the state court and exposed him to multiple punishments for the same offense in violation of his rights under the Double Jeopardy Clause.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

The Sixth Circuit concluded that petitioner failed to satisfy § 2244(b)(2) because the case upon which he relied, *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010), was not a United States Supreme Court decision, and Simmons did not argue that his motion was based upon newly-discovered evidence. *See* 28 U.S.C. § 2244(b)(2). Here, petitioner has not shown that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. . . ." *Id.* at § 2244(b)(2)(A).

Because the Sixth Circuit has denied petitioner permission to file a second or successive habeas corpus petition, petitioner Michael Simmons's November 4, 2013 motion for reconsideration of the Court's October 22, 2013 Order. (doc. 29) is DENIED.

2

_____  11-20-2013
Edmund A. Sargus, Jr.
United States District Judge